No. 2021-2329

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

NORMAN F. THORNTON,
Claimant-Appellant,

v.

DENIS MCDONOUGH, Secretary of Veterans Affairs,
Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
Case No. 20-0882, Judge Joseph L. Falvey, Jr.

## BRIEF OF RESPONDENT-APPELLEE

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

Of Counsel:

ELIZABETH M. HOSFORD
Assistant Director

Y. KEN LEE
Deputy Chief Counsel

CHRISTOPHER O. ADELOYE                EVAN WISSER
Staff Attorney                        Trial Attorney
Department of Veterans Affairs        Commercial Litigation Branch
810 Vermont Avenue NW                 Department of Justice, Civil Division
Washington, DC  20420                 P.O. Box 480
                                      Washington, DC 20044
                                      Telephone: (202) 616-3682
                                      Evan.Wisser@usdoj.gov
                                      Attorneys for the Respondent-Appellee

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................... i

TABLE OF AUTHORITIES ....................................................................... ii

STATEMENT OF COUNSEL ...................................................................... v

STATEMENT OF THE ISSUES................................................................1

STATEMENT OF THE CASE...................................................................2

I.      Nature Of The Case ..........................................................................2

II.     Statement Of Facts And Course Of Proceedings Below.................2

SUMMARY OF ARGUMENT ..................................................................4

ARGUMENT ..............................................................................................6

I.      Standard Of Review...........................................................................6

II.     This Court Lacks Jurisdiction Over Mr. Thornton's Factual Challenge To The Board's Benefit-Of-The-Doubt Rule Determination ............................7

III.    The Veterans Court Appropriately Took Due Account Of The Benefit-Of-The-Doubt Rule ........................................................8

      A.      The Plain Text Of 38 U.S.C. § 7261 Precludes The Veterans Court From Conducting Any *De Novo* Review Of A Board Decision .........10

            1.      Section 7261(b)(1) Must Be Interpreted In Context.................10

            2.      Mr. Thornton Overreads The Meaning Of "Take Due Account" ...............13

      B.      The Legislative History Of Section 7261(b)(1) Confirms That The Veterans Court May Not Review The Board's Findings *De Novo*.....15

      C.      None Of Mr. Thornton's Additional Arguments Are Persuasive .......17

CONCLUSION ........................................................................................20

## TABLE OF AUTHORITIES

### Cases

*Adams v. Principi*,
   91 F. App'x 135 (Fed. Cir. 2004) ...................................................7

*Altovilla v. Wilkie*,
   784 F. App'x 768 (Fed. Cir. 2019) .................................................8

*Bastien v. Shinseki*,
   599 F.3d 1301 (Fed. Cir. 2010).......................................................8

*Becton Dickinson & Co. v. C.R. Bard, Inc.*,
   922 F.2d 792 (Fed. Cir. 1990).........................................................2

*Beecham v. United States*,
   511 U.S. 368 (1994) ......................................................................10

*Bernklau v. Principi*,
   291 F.3d 795 (Fed. Cir. 2002).......................................................15

*Boeing Co. v. Sec'y of Air Force*,
   983 F.3d 1321 (Fed. Cir. 2020)................................................ 10, 11

*Carbino v. West*,
   168 F.3d 32 (Fed. Cir. 1999)...........................................................2

*Carpenter v. Wilkie*,
   802 F. App'x 591 (Fed. Cir. 2020) .................................................7

*Conway v. Principi*,
   353 F.3d 1369 (Fed. Cir. 2004).....................................................15

*Deloach v. Shinseki*,
   704 F.3d 1370 (Fed. Cir. 2013)............................................ 8, 13, 19

*Disabled Am. Veterans v. Sec'y of Veterans Affs.*,
   327 F.3d 1339 (Fed. Cir. 2003).....................................................18

*FCC v. AT&T Inc.*,
   562 U.S. 397 (2011) ......................................................................14

*Ferguson v. Principi*,
   273 F.3d 1072 (Fed. Cir. 2001)................................................................ 7, 11, 12

*Hawkins v. United States*,
   469 F.3d 993 (Fed. Cir. 2006)...........................................................................10

*Helfer v. West*,
   174 F.3d 1332 (Fed. Cir. 1999)...........................................................................7

*Henderson v. Shinseki*,
   589 F.3d 1201 (Fed. Cir. 2009),
   *rev'd and remanded sub nom. Henderson ex rel. Henderson v. Shinseki*,
   562 U.S. 428 (2011)...........................................................................................20

*Hensley v. West*,
   212 F.3d 1255 (Fed. Cir. 2000)........................................................................16

*Mariano v. Principi*,
   17 Vet. App. 305 (2003) ............................................................................ 12, 13

*Mayfield v. Nicholson*,
   499 F.3d 131 (Fed. Cir. 2007)............................................................................6

*Mil.-Veterans Advoc. v. Sec'y of Veterans Affs.*,
   7 F.4th 1110 (Fed. Cir. 2021) ..........................................................................14

*Rainey v. Merit Sys. Prot. Bd.*,
   824 F.3d 1359 (Fed. Cir. 2016).........................................................................14

*Shinseki v. Sanders*,
   556 U.S. 396 (2009)...........................................................................................20

*Singleton v. Shinseki*,
   659 F.3d 1332 (Fed. Cir. 2011)..........................................................................6

*Tadlock v. McDonough*,
   5 F.4th 1327 (Fed. Cir. 2021) .............................................................. 11, 14, 15

*Wanless v. Shinseki*,
   618 F.3d 1333 (Fed. Cir. 2010).........................................................................6

*Xianli Zhang v. United States*,
  640 F.3d 1358 (Fed. Cir. 2011)..............................................................10

## Statutes

38 U.S.C. § 511(a) ...............................................................................18

38 U.S.C. § 5107(b) .............................................................................18

38 U.S.C. § 7104(a) .............................................................................18

38 U.S.C. § 7252(b) .............................................................................19

38 U.S.C. § 7261 ........................................................................... passim

38 U.S.C. § 7261(a)(4) (2001) .............................................................16

38 U.S.C. § 7292 ....................................................................................6

Veterans Benefits Act of 2002, Pub. L. 107-330, 116 Stat. 2820 ...........17

## Legislative History

148 Cong. Rec. S11334 (daily ed. Nov. 18, 2002)........................... 16, 17

S. Rep. 107-234 (Aug. 1, 2002) ..................................................... 16, 17

## STATEMENT OF COUNSEL

Pursuant to Rule 47.5, respondent-appellee's counsel states that he is unaware of any other appeal in or from this action that previously was before this Court or any other appellate court under the same or similar title.  Respondent-appellee's counsel is unaware of any case pending in this or any other court that may directly affect or be affected by this Court's decision in this appeal.

No. 2021-2329

=================================================================

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

=================================================================

NORMAN F. THORNTON,
Claimant-Appellant,

v.

DENIS MCDONOUGH, Secretary of Veterans Affairs,
Respondent-Appellee.

---

Appeal from the United States Court of Appeals for Veterans Claims
Case No. 20-0882, Judge Joseph L. Falvey, Jr.

---

## STATEMENT OF THE ISSUES

1)      Whether this Court lacks jurisdiction over Mr. Thornton's appeal because his argument, although styled as a question of statutory interpretation, is a challenge to the manner in which the Board of Veterans' Appeals (board) weighed the record evidence when applying the benefit-of-the-doubt rule.

2)      Whether, if this Court possesses jurisdiction over this appeal, the Court should affirm the Veterans Court's decision because that court appropriately evaluated whether the board's application of the benefit-of-the-doubt rule was clearly erroneous.

<u>STATEMENT OF THE CASE</u>

## I.     <u>Nature Of The Case</u>

Claimant-appellant, Norman F. Thornton, appeals the United States Court of Appeals for Veterans Claims (Veterans Court) decision in *Norman F. Thornton v. Denis McDonough, Secretary of Veterans Affairs*, No. 20-0882 (Vet. App. June 11, 2021).  Appx1-13.[1]  In a memorandum decision, the Veterans Court affirmed the board decision that denied him entitlement to a rating higher than 50 percent for his service-connected post-traumatic stress disorder (PTSD).  *See* Appx13.[2]

## II.     <u>Statement Of Facts And Course Of Proceedings Below</u>

Mr. Thornton is a veteran who served on active duty in the United States Army from October 1988 to December 1991.  Appx2.  Following his separation from service, he sought entitlement to Department of Veterans Affairs (VA) benefits for PTSD, which VA granted and rated as 10-percent disabling.  *Id.*  VA

---

[1]  "Appx__" refers to pages in the Joint Appendix.

[2]  The Veterans Court also affirmed the board's denial of a disability rating higher than 40 percent for Mr. Thornton's service-connected disability manifested by fatigue, joint pain, gastrointestinal bleeding, headaches, shortness of breath, nausea, body shakes, and diarrhea as due to an undiagnosed illness.  Appx13. Mr. Thornton does not raise any claims of error here regarding this portion of the Veterans Court's decision and has thus abandoned the issue.  *Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999) ("[C]ourts have consistently concluded that the failure of an appellant to include an issue or argument in the opening brief will be deemed a waiver of the issue or argument.") (citing *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed. Cir. 1990)).

later increased Mr. Thornton's PTSD rating twice: once from 10-percent to 30-percent, and once from 30-percent to 50-percent.  Appx28 (December 2015 rating decision).

On February 23, 2015, Mr. Thornton filed a claim for an increased disability rating for his service-connected PTSD.  Appx21-23.  VA denied this claim in December 2015, stating that the evidence related to "the severity of [his] disability most closely approximates the criteria for a 50 percent disability evaluation" rather than a 70-percent evaluation.  Appx26.  Mr. Thornton subsequently filed a notice of disagreement (NOD) with this decision and a substantive appeal to the board. Appx30-37 (December 2016 NOD); Appx73-74 (VA Form 9).

On January 23, 2019, the board denied Mr. Thornton's appeal.  Appx83-101. After reviewing the evidence, the board concluded that Mr. Thornton's "symptoms have not more nearly approximated the criteria for a rating in excess of 50 percent at any time, and the evidence is not approximately evenly balanced."  Appx94. Mr. Thornton filed a motion for reconsideration, Appx102-104, which the board considered but denied.  Appx105-107.

Mr. Thornton then filed an appeal to the Veterans Court, which affirmed the board's decision.  Appx13.  There, he argued that the board failed to provide an adequate statement of reasons or bases, and that it misapplied the following: 1) the rating criteria for psychiatric conditions, 38 C.F.R. § 4.130 Diagnostic Code 9411;

2) the benefit of the doubt rule under 38 C.F.R. § 4.3; 3) VA's regulation on the assignment of the higher of two ratings, 38 C.F.R. § 4.7; and 4) VA's policy to grant every benefit supported in law under 38 C.F.R. § 3.103(a). Appx1. The court rejected each of these arguments and found that Mr. Thornton failed to demonstrate that the board erred in its decision. Regarding Mr. Thornton's benefit-of-the-doubt rule argument, the court explained that Mr. Thornton did not challenge the board's factual findings and did not demonstrate the board erred in its determination that the evidence was not approximately balanced. Appx7-8. In doing so, the court took account of the board's application of the benefit-of-the-doubt rule and found no error. Appx7.

The Veterans Court entered judgment on July 6, 2021. Appx14. Mr. Thornton filed his notice of appeal on September 17, 2021. ECF No. 1.

## SUMMARY OF ARGUMENT

The Court should dismiss Mr. Thornton's appeal because he has not presented a genuine issue of law over which this Court may exercise jurisdiction. Although Mr. Thornton frames his argument as involving the Veterans Court's alleged misinterpretation of 38 U.S.C. § 7261, the court did not interpret that statute in its decision. Instead, the Veterans Court reviewed the board's factual findings and applied the law to those findings. Mr. Thornton's argument is nothing

4

more than a challenge to the application of law to fact, which is not within this Court's jurisdiction.

If the Court determines that it possesses jurisdiction, it should nevertheless affirm the Veterans Court's decision. Although Mr. Thornton is correct that the Veterans Court is required to take account of the Secretary's application of the benefit-of-the-doubt rule, both the board and the Veterans Court appropriately determined that the rule did not apply to the issue of Mr. Thornton's PTSD disability rating. The board determined that the evidence on that point was not approximately balanced, and the Veterans Court found that the board's determination was not clearly erroneous.

Similarly, Mr. Thornton's argument that the Veterans Court should have conducted a *de novo* review of the board's benefit of the doubt analysis is without merit. The Veterans Court's scope-of-review statute, 38 U.S.C. § 7261, plainly states that factual findings are to be reviewed for clear error. The weighing of evidence—which is essential to determining whether the benefit-of-the-doubt rule applies—inherently involves making factual findings. Thus, the Veterans Court correctly reviewed the board's findings under the clearly erroneous standard.

## ARGUMENT

### I.    Standard Of Review

"This [C]ourt's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).  Pursuant to 38 U.S.C. § 7292(a), this Court may review a Veterans Court decision "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision."  It may not, however, "review the Veterans Court's factual findings or its application of law to facts absent a constitutional issue." *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011) (citing 38 U.S.C. § 7292).

In reviewing a Veterans Court decision, this Court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions," and set aside any interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that it finds to be: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law."  38 U.S.C. § 7292(d)(1). The Court reviews questions of statutory and regulatory interpretation *de novo*. *See Mayfield v. Nicholson*, 499 F.3d 1317, 1321 (Fed. Cir. 2007).

II.     This Court Lacks Jurisdiction Over Mr. Thornton's Factual Challenge To The Board's Benefit-Of-The-Doubt Rule Determination

Although Mr. Thornton places a statutory interpretation label on his argument, his appeal would require this Court to review the Veterans Court's benefit-of-the-doubt analysis, over which this Court lacks jurisdiction. *Ferguson v. Principi*, 273 F.3d 1072, 1074-76 (Fed. Cir. 2001) (holding that the Court lacked jurisdiction to review the Veterans Court's decision affirming the board's determination that the evidence was not in approximate balance and the benefit-of-the-doubt rule did not apply). *Accord Carpenter v. Wilkie*, 802 F. App'x 591, 592 (Fed. Cir. 2020) (unpublished) (rejecting the appellant's argument that the Veterans Court failed to give him the benefit of the doubt because it "amounts to a request for this court to reweigh the evidence, which we lack jurisdiction to do"); *Adams v. Principi*, 91 F. App'x 135, 137 (Fed. Cir. 2004) (dismissing an appeal for lack of jurisdiction that amounted to "a complaint about the application of the 'benefit of the doubt' rule to the Appellant's specific set of facts"). *Cf. Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("To the extent that [the appellant] has simply put a 'due process' label on his contention that he should have prevailed on his EAJA claim, his claim is constitutional in name only.").

Contrary to Mr. Thornton's argument that the benefit-of-the-doubt rule "does not involve the [b]oard's factual determinations," Appellant's Br. 16, the weighing of evidence in assigning a disability rating is inherently factual in nature.

*See Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013) ("We reaffirm that the evaluation and weighing of evidence are factual determinations committed to the discretion of the fact-finder—in this case, the Board." (citing *Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010)). To this point, the only finding Mr. Thornton challenges is that a 70-percent rating was not warranted, which "is a factual determination [this Court] lack[s] jurisdiction to review." *Altovilla v. Wilkie*, 784 F. App'x 768, 771 (Fed. Cir. 2019) (citing *Bastien*, 599 F.3d at 1306). In order to receive the benefit he seeks, Mr. Thornton needs a change to the factual findings regarding the weight and probative value of the record evidence, which is relief this Court cannot provide.

For these reasons, dismissal of Mr. Thornton's appeal is appropriate.

III. **The Veterans Court Appropriately Took Due Account Of The Benefit-Of-The-Doubt Rule**

To the extent Mr. Thornton raises an argument within the Court's jurisdiction, he contends that the Veterans Court misinterpreted 38 U.S.C. § 7261(b)(1). Mr. Thornton argues that the Veterans Court was required to conduct a *de novo* review to determine whether the benefit-of-the-doubt rule applied to his claim for a higher PTSD disability rating. He offers two points in support of that argument. First, because the statute says that the Veterans Court shall "take due account of the Secretary's application of section 5107(b)," Mr. Thornton argues that Congress intended the Veterans Court to directly review

8

VA's application of the benefit-of-the-doubt rule during the claims process, rather than reviewing the board's application of the rule.  Appellant's Br. 12-14 (citing 38 U.S.C. § 7261(b)(1)).  Second, Mr. Thornton argues that *de novo* review is required due to the "unique" standard of proof established by the benefit-of-the-doubt rule.  Appellant's Br. 25-28.

The plain text of section 7261 refutes Mr. Thornton's interpretation of the statute.  He fails to consider the statutory language surrounding § 7261(b)(1), which limits the Veterans Court's authority and precludes the kind of *de novo* review Mr. Thornton advocates for here.  He also reads too much into Congress's requirement that the Veterans Court take "due account" of § 5107(b).  Finally, the legislative history shows that Congress considered and rejected alternative language for section 7261(b)(1) which would directed the Veterans Court to conduct a more in-depth review of the board's application of the benefit-of-the-doubt rule.

Here, the Veterans Court confirmed that the board appropriately considered whether the benefit-of-the-doubt rule applied, as required.  Appx7.  Indeed, the board "found a reasonable doubt over whether Mr. Thornton's memory lapses were due to his PTSD and it resolved that doubt in his favor by finding that his memory lapses were attributable to that condition."  *Id.*  But the board found that the overall evidence regarding Mr. Thornton's disability rating was not in

approximate balance but more closely aligned with a 50% rating. *Id.* The

Veterans Court reviewed that determination, accepting the board's factual finding

that the evidence was not in approximate balance, and concluded that "the Board's

decision not to apply the provision was not arbitrary, capricious, an abuse of

discretion, or not otherwise an in accordance with law." Appx7-8.

A.   The Plain Text Of 38 U.S.C. § 7261 Precludes The Veterans Court
     From Conducting Any *De Novo* Review Of A Board Decision

1.   Section 7261(b)(1) Must Be Interpreted In Context

Mr. Thornton unreasonably interprets section 7261(b)(1) in isolation as

establishing a distinct review mandate independent from the rest of section 7261.

In doing so, Mr. Thornton violates "'the cardinal rule that statutory language must

be read in context since a phrase gathers meaning from the words around it.'"

*Xianli Zhang v. United States*, 640 F.3d 1358, 1369 (Fed. Cir. 2011) (quoting

*Hawkins v. United States*, 469 F.3d 993, 1001 (Fed. Cir. 2006)). "[W]hen

interpreting statutes or regulations, '[t]he plain meaning that [the Court] seek[s] to

discern is the plain meaning of the whole statute [or regulation], not of isolated

sentences.'" *Boeing Co. v. Sec'y of Air Force*, 983 F.3d 1321, 1327 (Fed. Cir.

2020) (quoting *Beecham v. United States*, 511 U.S. 368, 372 (1994) (alteration "or

regulation" in original)). Here, the surrounding text makes plain that section

7261(b)(1) does not require the Veterans Court to conduct of a *de novo* review of

the Secretary's application of the benefit-of-the-doubt rule.

First, section 7261(c) states that "[i]n no event shall findings of fact made by the Secretary or the Board of Veterans' Appeals be subject to trial de novo by the [Veterans] Court." 38 U.S.C. § 7261(c). Mr. Thornton fails to cite to section 7261(c) or otherwise explain how that section can be reconciled with his preferred argument that 7261(b) requires a *de novo* review of the benefit-of-the-doubt rule, which would necessarily require a non-deferential review of the board's factual findings. *See Ferguson*, 273 F.3d at 1074; *Tadlock v. McDonough*, 5 F.4th 1327, 1333-34 (Fed. Cir. 2021) ("Congress expressly limited the Veterans Court's jurisdiction to exclude de novo fact-finding . . . ."). However, the Court must give full meaning to both parts of section 7261. *Boeing*, 983 F.3d at 1327. Section 7261 cannot both require and prohibit the Veterans Court from conducting a *de novo* review of the application of the benefit-of-the-doubt rule. Mr. Thornton's interpretation must yield to the express command of section 7261(c) prohibiting such a *de novo* review.

Mr. Thornton's argument in favor of *de novo* review also fails to address the first part of section 7261(b), which states that the Veterans Court's review of the benefit-of-the-doubt rule is limited by section 7261(a): "*In making the determinations under subsection (a)*, the Court shall review the record of proceedings before the Secretary and the Board of Veterans' Appeals pursuant to section 7252(b) of this title and shall . . . take due account of the Secretary's

application of section 5107(b) of this title . . . ." 38 U.S.C. § 7261(b) (emphasis added). By its plain text, the Veterans Court's charge to take due account of the benefit-of-the-doubt rule cannot exceed the scope of the court's review under 7261(a).

In section 7621(a), Congress made clear that the Veterans Court may only set aside findings of fact, such as whether the evidence is in approximate balance (triggering the benefit-of-the-doubt rule), if the board's finding was clearly erroneous. *Id.* § 7261(a)(4). *See Ferguson*, 273 F.3d at 1074 (explaining that the board's determination that evidence is not in approximate balance is a factual finding). Otherwise, the Veterans Court may only set aside a board decision if it is (1) arbitrary, capricious or contrary to law; (2) contrary to the Constitution; (3) in excess of authority; or (4) contrary to a procedure required by law. 38 U.S.C. § 7261(a)(3). Because nothing in section 7261(a) would permit the Veterans Court to conduct a *de novo* review of the Secretary's application of the benefit-of-the-doubt rule when the court is reviewing a board decision, section 7261(b) must also contains that limitation due to its explicit reference to the scope of the court's review under section 7261(a).

The Veterans Court reached this conclusion nearly twenty years ago, when construing the newly-enacted section 7261(b)(1). *Mariano v. Principi*, 17 Vet. App. 305, 313 (2003). There, the veteran had requested an increase in his

disability rating for arthritis and mobility limitations in his left shoulder, potentially resulting from a gunshot wound he suffered during World War II. *Id.* at 307. The court acknowledged its obligation to take due account of the Secretary's application of the benefit-of-the-doubt rule and also noted that Congress imposed this obligation within the scope of the court's "'determinations under [7261(a)].'" *Id.* at 313 (quoting 38 U.S.C. § 7261(b)). Thus, the court determined that it was required to evaluate the board's application of the benefit-of-the-doubt rule under the clearly erroneous standard for factual findings specified in section 7261(a)(4). *Mariano*, 17 Vet. App. at 313. The court then concluded that the board's decision not to apply the benefit-of-the-doubt rule was clearly erroneous, because the record did not contain sufficient evidence to support a number of the board's findings. *Id.* at 314-317. This Court later cited with approval the Veterans Court's interpretation of its limited role in reviewing the application of the benefit-of-the-doubt rule by the board. *Deloach*, 704 F.3d at 1379 (citing *Mariano*, 17 Vet. App. at 313).

### 2. Mr. Thornton Overreads The Meaning Of "Take Due Account"

Aside from ignoring the plain text of section 7261 as a whole, Mr. Thornton also places too much weight on the phrase "take due account" in subsection (b)(1). This language does not require the Veterans Court to reexamine and reweigh the evidence to make a *de novo* determination of whether the benefit-of-the-doubt rule

applies, as Mr. Thornton contends.  We must assume that Congress purposefully gave the instruction to "take due account" of 5107(b), which has a limited meaning under this Court's precedents.

Although this Court has never construed the meaning of "take due account" in the context of 7261(b)(1), precedents construing the parallel provision of 7261(b)(2) are instructive.  "[I]dentical words and phrases within the same statute should normally be given the same meaning," *FCC v. AT&T Inc.*, 562 U.S. 397, 408 (2011) (quotation omitted), especially when appearing "within the same statutory sentence." *Rainey v. Merit Sys. Prot. Bd.*, 824 F.3d 1359, 1362 (Fed. Cir. 2016) (citing cases). *Accord Mil.-Veterans Advoc. v. Sec'y of Veterans Affs.*, 7 F.4th 1110, 1139-40 (Fed. Cir. 2021) (construing statutory language the same when similar language is used in parallel subsections).  Here, Congress instructed the Veterans Court to both "take due account of the Secretary's application of section 5107(b)" and "take due account of the rule of prejudicial error" within the same statutory sentence.  38 U.S.C. § 7261(b).

As this Court recently explained, the statutory command that the Veterans Court "take due account" of the rule of prejudicial error does not permit the court to engage in *de novo* fact-finding. *Tadlock*, 5 F.4th at 1333-34.  While the Court acknowledged the statutory command to "review the record of proceedings before the Secretary and the Board," which applies to both sections 7261(b)(1) and (b)(2),

the Court rejected the argument that the section 7261(b) empowered the Veterans Court "to consider whether the [b]oard's error was prejudicial based on the record, unfettered by the particular fact-findings made by the VA or the [b]oard." *Id.* at 1335. This logic applies equally to the parallel provision requiring the Veterans Court to take due account of the benefit-of-the-doubt rule and disproves Mr. Thornton's argument that Congress must have intended the Veterans Court to review application of section 5107(b) *de novo*.

Also, this Court previously explained that the Veterans Court only violates the requirements of section 7261(b) when it "flatly refuse[s]" to take due account of the rules identified there. *See Conway v. Principi*, 353 F.3d 1369, 1373 (Fed. Cir. 2004) ("[W]hat [the Veterans Court] cannot do is . . . flatly refuse[] to 'take due account of the rule of prejudicial error' . . . ."). The Veterans Court "unquestionably does not have an obligation to expressly discuss" the benefit-of-the-doubt rule, as long as the court can demonstrate that it appropriately considered whether the rule would apply. *Id.* (citing *Bernklau v. Principi*, 291 F.3d 795, 801-02 (Fed. Cir. 2002)). There is no dispute that the Veterans Court both addressed and explained its consideration of the benefit-of-the-doubt rule here.

B.    The Legislative History Of Section 7261(b)(1) Confirms That The Veterans Court May Not Review The Board's Findings *De Novo*

Prior to 2002, section 7261(a)(4) stated that, "in the case of a finding of material fact made in reaching a decision in a case before the Department with

respect to benefits under laws administered by the Secretary, hold unlawful and set aside such finding if the finding is clearly erroneous." 38 U.S.C. § 7261(a)(4) (2001). In response to this Court's decision in *Hensley v. West*, 212 F.3d 1255 (Fed. Cir. 2000) (finding that VA factual determinations are entitled to "substantial deference" by the Veterans Court), members of the Senate introduced a bill to effectively overturn *Hensley* and create a new standard by which the board's factual findings would be reviewed. S. Rep. 107-234, at 16-17 (Aug. 1, 2002). Under the new standard, these findings would be reviewed to determine whether they were "unsupported by substantial evidence." *Id*. at 17. The rationale behind the change in standard was "to make it clear that [the Veterans Court] is to provide a thorough review of VA benefits claims on appeal" by using "the least deferential review an appellate court may apply short of 'de novo' review." *Id*. at 18.

Following referral of the bill to the House of Representatives, the House and Senate reached a compromise that would maintain the "clearly erroneous" standard of review but would allow the Veterans Court to reverse clearly erroneous decisions rather than set them aside and remand an appeal for further development or adjudication. *See* 148 Cong. Rec. S11334 (daily ed. Nov. 18, 2002) (statement of Sen. John D. Rockefeller IV). This was a means of "giv[ing] 'full force' to the 'benefit of the doubt'" rule. *Id*. Notwithstanding this change, the language was

not intended to alter section 7261(c), which prevents the Veterans Court "from conducting trial de novo when reviewing [board] decisions" on appeal. *Id*.[3]

Congress did not, as Mr. Thornton asserts, intend for the Veterans Court to conduct *de novo* review of the board's benefit-of-the-doubt analysis. To the contrary, it considered and rejected a standard ("unsupported by substantial evidence") that it acknowledged as being less probing than *de novo* review. *See* S. Rep. 107-234, at 16-17.

C.    None Of Mr. Thornton's Additional Arguments Are Persuasive

Mr. Thornton's preferred interpretation of section 7261(b)(1) fails in light of the statute's plain text and legislative history, and none of his secondary arguments can overcome this defect.

First, Mr. Thornton makes much of the fact that section 7261(b)(1) requires the Veterans Court to take due account of "the Secretary's" application of the benefit-of-the-doubt rule. Appellant's Br. 10-14. Thus, Mr. Thornton contends, Congress provided the Veterans Court with a clear mandate to review how the benefit-of-the-doubt rule was applied during the claims process in the first instance, rather than reviewing the board's consideration of that issue. This argument fails for the same textual reasons explained above. Also, the most

---

[3] Congress amended section 7261(a)(4) and (b) under the Veterans Benefits Act of 2002, Pub. L. 107-330, 116 Stat. 2820, and has not amended that statute since its enactment.

17

logical reading of section 7261(b)(1) is that the reference to "the Secretary" simply mirrors the language of section 5107(b) that it is citing, which states that "the Secretary" shall consider the evidence in the record and give the benefit of the doubt to the claimant if the evidence is approximately balanced. 38 U.S.C. § 5107(b). And, as Mr. Thornton concedes, Appellant's Br. 13, references to "the Secretary" and "the board" in section 7261(b) are not necessarily mutually exclusive because "the [b]oard acts on behalf of the Secretary in making the ultimate decision on claims . . . ." *Disabled Am. Veterans v. Sec'y of Veterans Affs.*, 327 F.3d 1339, 1346-47 (Fed. Cir. 2003) (citing 38 U.S.C. §§ 511(a), 7104(a)).

Second, Mr. Thornton points to 38 U.S.C. § 7252(b), which states that "[r]eview in the [Veterans] Court shall be on the record of proceedings before the Secretary and the [b]oard." Mr. Thornton contends that this further supports his argument that Congress empowered the Veterans Court to directly review the Secretary's application of the benefit-of-the-doubt rule, independent of the board's review of that issue. Appellant's Br. 14. Yet Mr. Thornton ignores the very next sentence, which states that "[t]he extent of the review shall be limited to the scope provided in section 7261," including the prohibition on *de novo review* and the command to review findings of fact for clear error, as discussed above. 38 U.S.C.

§ 7252(b). This language provides Mr. Thornton with no further escape from the Veterans Court's limited scope of review.

Third, Mr. Thornton argues that section 7261 would be rendered meaningless and redundant if the Court does not adopt his preferred interpretation that the Veterans Court must conduct *de novo* review of the application of the benefit-of-the-doubt rule. Appellant's Br. 15-16. Although Mr. Thornton cites to *Deloach v. Shinseki* in support of his argument, he ignores what the Court actually said there. The purpose of § 7261(b) is to empower the Veterans Court "to reverse adverse findings of material fact that are 'clearly erroneous' rather than remand to the Board for re-determination." 704 F.3d at 1379-80. Section 7261(b) provides this benefit to veterans even without changing the standard of review for the board's benefit-of-the-doubt rule application. And to the extent Mr. Thornton's argument is that the Veterans Court here erred by failing to review whether the board's benefit of the doubt finding was clearly erroneous, the court explained that the outcome of the analysis is a factual finding and Mr. Thornton expressly disclaimed any review of that finding. Appx8. He also failed to explain why the evidence should have been determined to be in approximate balance. Appx7.

Fourth, Mr. Thornton suggests that the Court should adopt his interpretation of section 7261(b)(1) because it is consistent with the "proclaimant veterans' benefits system designed by Congress." Appellant's Br. 17-19. However, the

Court may not abandon the plain text of the statute simply because of Congress' "special solicitude for veterans." *See* Appellant's Br. 18. "[A]lthough 'Congress has expressed special solicitude for the veterans' cause,' this Court] do[es] not have free rein to establish special procedural schemes governing the veterans' system alone." *Henderson v. Shinseki*, 589 F.3d 1201, 1220 (Fed. Cir. 2009), *rev'd and remanded on other grounds sub nom. Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011) (quoting *Shinseki v. Sanders*, 556 U.S. 396, 412 (2009)).

In sum, Mr. Thornton has not provided any persuasive reason for the Court to ignore the plain text and legislative history of section 7261, which requires the Veterans Court to review the board's application of the benefit-of-the-doubt rule under a clearly erroneous standard of review.

## CONCLUSION

For the foregoing reasons, this Court should affirm the Veterans Court's decision.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY.
Director

Of Counsel:

/s/ Elizabeth M. Hosford

Y. KEN LEE
Deputy Chief Counsel

ELIZABETH M. HOSFORD
Assistant Director

/s/ Evan Wisser

CHRISTOPHER O. ADELOYE
Staff Attorney
Department of Veterans Affairs
810 Vermont Avenue NW
Washington, DC  20420

EVAN WISSER
Trial Attorney
Commercial Litigation Branch
Department of Justice, Civil Division
P.O. Box 480
Washington, DC 20044
Telephone: (202) 616-3682
Evan.Wisser@usdoj.gov

March 8, 2022

Attorneys for the Respondent-Appellee