No. 21-2329

_____

*In the*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

_____

## CLAIMANT-APPELLANT'S REPLY BRIEF

*Re*

_____

# NORMAN F. THORNTON,

Claimant-Appellant,

*versus*

# DENIS MCDONOUGH,
### Secretary of Veterans Affairs,

Respondent-Appellee.

_____

## ON APPEAL FROM THE
## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS
## IN VET. APP. NO. 20-882, JUDGE JOSEPH L. FALVEY, JR.

_____

**KENNETH M. CARPENTER**
Carpenter, Chartered
1525 Southwest Topeka Boulevard
Post Office Box 2099
Topeka, Kansas 66601
785-357-5251

Attorney for Claimant-Appellant

# Table of Contents

Page

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii-iii

Arguments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

       Summary of Rebuttal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

I.     The question of statutory interpretation presented by this appeal is within this Court's jurisdiction. . . . . . . . . . . . . . . . . . . . . . . .  1

II.    The Veterans Court misinterpreted 38 U.S.C. § 7261(b)(1) by failing to review the Secretary's application of 38 U.S.C. § 5107(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

       A.    The Secretary misreads the text of § 7261(b)(1). . . . . . . . . . . . . .  6

       B.    The Veterans Court errs when its does not also review the Secretary's application of § 5107(b). . . . . . . . . . . . . .  15

       C.    The Secretary's reliance upon the legislative history is misplaced. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

# Table of Authorities

Page

## Decisions

*Adams v. Principi*, 91 Fed. Appx. 135 (Fed. Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Carpenter (Cecil) v. Wilkie*, 802 Fed. Appx. 591 (Fed. Cir. 2020). . . . . . . . . . . . . . . . . . . . 2

*Conn. Nat'l Bank v. Germain*, 503 U.S. 249 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Conway v. Principi*, 353 F.3d 1369 (Fed Cir 2004). . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 19

*Deloach v. Shinseki*, 704 F.3d 1370 (Fed. Cir. 2013). . . . . . . . . . . . . . . . . . . . . . 3, 13, 14

*Gardner v. Derwinski*, 1 Vet. App. 584 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Harris v. West*, 203 F.3d 1347 (Fed. Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Helfer v. West*, 174 F.3d 1332 (Fed. Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Osborn v. Nicholson*, 21 Vet. App. 223 ( 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Mariano v. Principi*, 17 Vet. App. 305 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 15

*Public Citizen v. U.S. Dept of Justice*, 491 U.S. 440 (1989). . . . . . . . . . . . . . . . . . . . . . . . 8

*Sullivan v. McDonald*, 815 F.3d 786 (Fed. Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Tadlock v. McDonough*, 5 F.4th 1327 (Fed. Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Willsey v. Peake*, 535 F.3d 1368 (Fed. Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## Statutes

38 U.S.C. § 5107(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

38 U.S.C. § 7252(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 18

**Page**

38 U.S.C. § 7261. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 16, 17, 18, 21

38 U.S.C. § 7261(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7, 9, 18, 19, 22

38 U.S.C. § 7261(a)(3)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

38 U.S.C. § 7261(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 20, 21

38 U.S.C. § 7261(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 14

38 U.S.C. § 7261(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

38 U.S.C. § 7261(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 16, 17, 18, 19

38 U.S.C. § 7261( c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 21

38 U.S.C. § 7292( c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## Regulations

38 C.F.R. § 4.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## Arguments

## Summary of Rebuttal

The Secretary asks that this Court dismiss Mr. Thornton's appeal because he has not presented a genuine issue of law over which this Court may exercise jurisdiction. This Court should reject the Secretary's request. Mr. Thornton's appeal does present a genuine issue of law regarding a question of statutory interpretation regarding the provisions of 38 U.S.C. § 7261(b)(1). The Secretary has chosen not to directly address this question of statutory interpretation Mr. Thornton has raised regarding § 7261(b)(1). Under the correct interpretation of § 7261(b)(1) the Veterans Court must address in every appeal the Secretary's application of 38 U.S.C. § 5107(b). The Secretary's contentions otherwise are unavailing and must be rejected by this Court.

## I.

## The question of statutory interpretation presented by this appeal is within this Court's jurisdiction.

Contrary to the Secretary's assertion, Mr. Thornton's appeal **does not require** this Court to review how the Veterans Court conducts its own benefit-of-the-doubt analysis or make any factual findings underlying it. This appeal **only requires** this Court to interpret the provisions of 38 U.S.C. § 7261(b)(1) to confirm that through its enactment Congress has expressly mandated that the Veterans Court review how the Secretary applied the provisions of 38 U.S.C. § 5107(b). The cases cited by the Secretary

in support of his attack on Mr. Thornton's interpretation of the statute did not involve any actual interpretation of § 7261(b)(1). Therefore, this case law does not support the Secretary's meritless jurisdictional argument.

In *Carpenter (Cecil) v. Wilkie*, 802 Fed. Appx. 591, 592 (Fed. Cir. 2020), the issue presented was whether the Veterans Court had failed to afford the benefit of the doubt as required by 38 U.S.C. § 5107(b). In this case the Veterans Court did not rely upon or otherwise address the mandate under § 7261(b)(1). In contrast, Mr. Thornton's appeal involves the statutory obligation under § 7261(b)(1) explicitly imposed by Congress upon the Veterans Court to review the Secretary's application of § 5107(b). Neither does *Adams v. Principi*, 91 Fed. Appx. 135 (Fed. Cir. 2004), support the Secretary's case. In *Adams*, a *pro se* appellant, the veteran's surviving spouse, contended that there was no evidence to contradict a positive medical opinion. Thus, she argued, in the absence of such contradictory evidence the Board should have awarded service connection for her husband's cause of death. Again, Mr. Thornton's appeal addresses the requirements imposed by Congress on the Veterans Court under § 7261(b)(1). Finally, the Secretary's reliance on *Helfer v. West*, 174 F.3d 1332 (Fed. Cir. 1999), is completely misplaced. That appeal involved the Veterans Court's denial of attorney fees under the Equal Access to Justice Act ("EAJA"), and thus by definition this case did not involve an interpretation of § 7261(b)(1).

Next, citing *Deloach v. Shinseki*, 704 F.3d 1370 (Fed. Cir. 2013), the Secretary contends that "the weighing of evidence in assigning a disability rating is inherently factual in nature." Thus, the Secretary implies that Mr. Thornton seeks this Court's review of factual issues and the weighing of evidence, which is beyond its jurisdiction. However, Mr. Thornton's appeal does not ask this Court to review the Board's weighing of evidence. Mr. Thornton's appeal presents a question of law, i.e., what is the correct statutory interpretation of § 7261(b)(1) respect to whether Congress in this statute intended to require that the Veterans Court to undertake a *de novo* nondeferential review of the Secretary's application of § 5107(b).

This Court's jurisdiction to review decisions of the Veterans Court is limited by statute to legal questions. One such legal question is the proper interpretation of a statute, which is the very question presented by Mr. Thornton's appeal. 38 U.S.C. § 7292( c); *Sullivan v. McDonald*, 815 F.3d 786, 788–89 (Fed. Cir. 2016). The correct interpretation of § 7261(b)(1) is a question of law which is precisely the kind of legal issue about which this Court has jurisdiction to review. *See, e.g., Willsey v. Peake*, 535 F.3d 1368, 1370-73 (Fed. Cir. 2008) (holding that a case in which the Veterans Court fails to apply the correct legal test presents "a *prima facie* legal claim and provides grounds for this Court to take jurisdiction over [it]."). Mr. Thornton's appeal presents a *prima facie* legal claim and as a result provides grounds for this Court to take jurisdiction over this appeal.

## II.

### The Veterans Court misinterpreted 38 U.S.C. § 7261(b)(1) by failing to review the Secretary's application of 38 U.S.C. § 5107(b).

The question of law presented by Mr. Thornton's appeal is whether Congress, through its enactment of § 7261(b)(1), requires the Veterans Court to take due account of the Secretary's application of § 5107(b) as part of its determinations made pursuant to § 7261(a). As noted in Mr. Thornton's opening brief, at 9, in *Conway v. Principi*, 353 F.3d 1369, 1374 (Fed Cir 2004), this Court determined that the text of § 7261(b)(2) was plain on its face and that it applied to **all** Veterans Court proceedings. Mr. Thornton asserts that the same interpretation must be applied to subsection (b)(1) of § 7261. Indeed, in the summary of his argument the Secretary acknowledged that Mr. Thornton is correct that the Veterans Court is required to take account of the Secretary's application of the benefit-of-the-doubt rule. *See* Sec.Brf. at 5.[1] Thus, the Veterans Court misinterpreted § 7261(b)(1) when it did not explicitly take due account of the Secretary's application of § 5107(b).

In *Conway, ibid.*, this Court alleged a very similar averment of error as Mr. Thornton makes in his appeal. The Secretary's appeal in *Conway* argued that the Veterans Court had committed legal error because it refused to apply the harmless error doctrine as Congress required it to do under 38 U.S.C. § 7261(b)(2). *See Conway*, 353 F.3d at 1373.

---

[1] References to the Secretary's brief are cited to as "Sec.Brf. at xx."

Mr. Thornton's appeal presents a very similar question concerning whether the Veterans Court errs when it fails, as required by § 7261(b)(1), to explicitly take due account of the Secretary's application of 38 U.S.C. § 5107(b).   In Mr. Thornton's appeal the Secretary responds by claiming that the Veterans Court appropriately took due of the benefit-of-the-doubt rule.   But, that is not the question at issue.   At issue in this appeal is whether Congress required more when it amended § 7261(b)(1).

The Secretary's response is premised on a misreading the language used by Congress in § 7261(b)(1).   The Secretary erroneously argues that the "plain text of section 7261 refutes Mr. Thornton's interpretation of the statute."   Sec.Brf. at 9. However, Congress unambiguously required that the Veterans Court shall take due account of the Secretary's application of 38 U.S.C. § 5107(b).   Congress did not limit this requirement, as the Secretary appears to read into § 7261(b)(1), that the Veterans Court would only appropriately take due account of the benefit-of-the-doubt rule.   Congress required more.

The Secretary's argument to the contrary is fatally flawed based on the following premise articulated in his brief:

> Here, the Veterans Court confirmed that the board appropriately considered whether the benefit-of-the-doubt rule applied, as required. Appx7.  Indeed, the board "found a reasonable doubt over whether Mr. Thornton's memory lapses were due to his PTSD and it resolved that doubt in his favor by finding that his memory lapses were attributable to that condition." *Id.*  But the board found that the overall

> evidence regarding Mr. Thornton's disability rating was not in approximate balance but more closely aligned with a 50% rating. *Id.* The Veterans Court reviewed that determination, accepting the board's factual finding that the evidence was not in approximate balance, and concluded that "the Board's decision not to apply the provision was not arbitrary, capricious, an abuse of discretion, or not otherwise an in accordance with law." Appx7-8.

Sec.Brf. at 9-10. Section 7261(b)(1) does not provide that the Veterans Court's review under this statute is limited to assessing whether the Board appropriately considered the application of the benefit-of-the-doubt rule. Congress required more from the Veterans Court to establish that its compliance with § 7261(a) was proper. Congress also expressly directed that the Veterans Court "shall review the record of proceedings" before the Secretary pursuant to § 7252(b) ". . . **and shall**— . . . take due account of the Secretary's application of § 5107(b)". In *Conway*, this Court concluded that the Secretary's § 7261(b)(2) argument presented a question of law. *See* 353 F.3d at 1373. Mr. Thornton's appeal does as well.

## A.    The Secretary misreads the text of § 7261(b)(1).

The Secretary contends that, "The Plain Text Of 38 U.S.C. § 7261 Precludes The Veterans Court From Conducting Any *De Novo* Review Of A Board Decision." *See* Sec.Brf. at 10 (argument heading for pages 10-15). However, nothing in the text of § 7261 precludes the Veterans Court from taking due account of the Secretary's

application of § 5107(b) by engaging in a nondeferential *de novo* review.  The Secretary erroneously

asserts that, " . . . the surrounding text makes plain that section 7261(b)(1) does not require the Veterans Court to conduct [] a *de novo* review of the Secretary's application of the benefit-of-the-doubt rule."  Sec.Brf. at 10.  The Secretary's assertion misreads the text of § 7261.

Specifically, the Secretary reads into § 7261( c) a correlation between this subsection and the language used by Congress in subsection (b)(1) of § 7261 which does not exist.  The language used by Congress in § 7261(c) is that, "In no event shall findings of fact made by the Secretary or the Board of Veterans' Appeals be subject to trial *de novo* by the Court."  The language used by Congress in subsection (b)(1) is that:

> In making the determinations under subsection (a), the Court shall review the record of proceedings before the Secretary and the Board of Veterans' Appeals pursuant to section 7252(b) of this title and shall—(1) take due account of the Secretary's application of section 5107(b) of this title; . . . .

38 U.S.C. § 7261(b)(1).  In § 7261(c) Congress is prohibiting the Veterans Court from subjecting findings of fact made by the Secretary or the Board to trial *de novo*.  In § 7261(b)(1), Congress is doing something quite different.  In subsection (b)(1) Congress does not require the Veterans Court, in direct contravention of § 7261(c), to review findings of fact made by the Secretary or the Board related to the Secretary's application

of § 5107(b). To the contrary, Congress is directing the Veterans Court, as part of making the determinations under § 7261(a), to also review the record of proceedings before the Secretary and the Board pursuant to § 7252(b) **and** to make a further review of the Secretary's application of § 5107(b).

The Secretary's reliance on § 7261( c) to inform upon the interpretation of § 7261(b)(1) is misplaced. In § 7261(b)(1), Congress instructs the Veterans Court to do something very different. The Secretary interpretation is within the "absurd result" exception to the plain meaning rule is, which is both narrow and limited to situations "where it is quite impossible that Congress could have intended the result . . . and where the alleged absurdity is so clear as to be obvious to most anyone." *Gardner v. Derwinski*, 1 Vet.App. 584, 587 (1991) (quoting *Public Citizen v. U.S. Dept. of Justice*, 491 U.S. 440, 470-71 (1989) (Kennedy, J., concurring)). That is the interpretation relied upon by the Secretary. There is nothing in § 7261(c) which requires Mr. Thornton's interpretation of subsection (b)(1) of § 7261 to yield to the Secretary's accusation that his view would impermissibly allow the Veterans Court to conduct a trial *de novo* of the Board's findings of fact in order for it to comply with mandate of Congress that it take due account of the Secretary's application of 38 U.S.C. § 5107(b). A trial *de novo* of the Board's findings of fact is not the same as the Veterans Court engaging in a nondeferential *de novo* review of the Secretary's application of § 5107(b). In the former, Congress was prohibiting the Veterans Court from reviewing the Board's fact finding. In the latter, Congress was

directing the Veterans Court to take due account of the Secretary's application of §
5107(b) which Mr. Thornton asserts means to engage in a nondeferential *de novo* review
of how the Secretary, to include how the Board applied or did not apply § 5107(b).

Next, the Secretary claims that:

> Mr. Thornton's argument in favor of *de novo* review also fails
> to address the first part of section 7261(b), **which states that**
> **the Veterans Court's review of the benefit-of- the-doubt**
> **rule is limited by section 7261(a)**: . . . .

*See* Sec.Brf. at 11 (emphasis added). This claim is simply wrong. No part of § 7261(b)
states, as the Secretary represents, that "the Veterans Court's review of the
benefit-of-the-doubt rule is limited by section 7261(a)." The Secretary's assertion that
"the Veterans Court's review of the benefit-of-the-doubt rule is limited by section
7261(a)," misreads the statute. In fact, this assertion reads out entirely the mandate of
Congress in subsection (b)(1) of § 7261 that the Veterans Court "**shall—take due**
**account**" of the Secretary's application of § 5107(b). These words must have some
meaning and the meaning proffered by the Secretary is unavailing.

To the contrary, Congress expressly required more from the Veterans Court than
simply its review under § 7261(a) of the benefit-of-the-doubt rule as asserted by the
Secretary since that obligation preexisted this amendment. As correctly noted by the
Secretary, the full text of § 7261(b) states:

(b)    In making the determinations under subsection (a), the Court shall review the record of proceedings before the Secretary and the Board of Veterans' Appeals pursuant to section 7252(b) of this title and shall—

    (1)    **take due account of the Secretary's application of section 5107(b) of this title**; and

    (2)    take due account of the rule of prejudicial error.

*See* 38 U.S.C. § 7261(b) (emphasis added). Congress also provided that:

Review in the Court shall be on the record of proceedings before the Secretary and the Board. **The extent of the review shall be limited to the scope provided in section 7261 of this title**. The Court may not review the schedule of ratings for disabilities adopted under section 1155 of this title or any action of the Secretary in adopting or revising that schedule.

*See* 38 U.S.C. § 7252(b) (emphasis added). To reiterate, Congress said, "The extent of the review shall be limited to the scope provided in section 7261 of this title." Congress **did not say** in either statute that "the Veterans Court's review of the benefit-of-the-doubt rule is limited by section 7261(a)." Sec.Brf. at 11. Such a reading of these statutes is unwarranted. This may be the Secretary's interpretation for litigation purposes but it is not what Congress stated in the plain text of the statute.

    Additionally, throughout his brief, the Secretary uses the phrase, "the Veterans Court's review of the benefit-of- the-doubt rule is limited by section 7261(a)." *See, e.g.,* Sec.Brf. at 11. In doing so, it appears as though the Secretary is promoting that phrase

as being equivalent in meaning to the phrase "take due account of the Secretary's application of section 5107(b) of this title."  Courts are to presume that Congress carefully chose the words it put in a statute.  *Osborn v. Nicholson*, 21 Vet. App. 223, 227 (2007), quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. . . .  When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'") (internal citations omitted).

The Secretary declares:

> In section 7621(a), Congress made clear that the Veterans Court may only set aside findings of fact, such as whether the evidence is in approximate balance (triggering the benefit-of-the-doubt rule), if the board's finding was clearly erroneous. *Id.* § 7261(a)(4).

Sec.Brf. at 12.  This declaration is yet another example of the Secretary formulating an interpretation of the statute to suit his litigation position and then representing it as though it were a statement of congressional intent.  In § 7261(a)(4) Congress said, ". . . in the case of **a finding of material fact adverse to the claimant** made in reaching a decision in a case before the Department with respect to benefits under laws administered by the Secretary . . . ."  This appeal presents a question of law concerning whether the Veterans Court misinterprets § 7261(b)(1) in error when it does not explicitly take due account of the Secretary's application of 38 U.S.C. § 5107(b).

The Secretary attempts to make Mr. Thornton's appeal about whether the Veterans Court has the authority to set aside factual determinations when taking due account of the Secretary's application of § 5107(b).  This effort is unavailing.  The Veterans Court in this case identified the issues presented in Mr. Thornton's appeal regarding his PTSD claim as follows: "[W]hether the Board incorrectly applied the rating schedule, the benefit of the doubt doctrine, the rule on the assignment of the higher of two ratings, and the duty to maximize benefits, and whether the Board gave an adequate statement of reasons or bases."  Appx1.  Thus, the Veterans Court acknowledged that Mr. Thornton, citing 38 U.S.C. § 7261(a)(3)(A), argued that the Board failed to correctly apply 38 C.F.R. § 4.3 and assign a 70-percent rating for his PTSD.  As well, the Veterans Court also understood that Mr. Thornton asserted that pursuant to 38 U.S.C. § 7261(b)(1) it was required to take due account of the Board's application of 38 U.S.C. § 5107(b). Appx6.  With respect to this latter issue, the Veterans Court concluded:

> Although the Court must "take due account of the Secretary's application of" that provision, 38 U.S.C. § 7261(b)(1), the Board's determination under section 5107(b) of whether the evidence is approximately balanced is a factual one that the Court reviews for clear error. *Mariano v. Principi*, 17 Vet.App. 305, 313 (2003); *Roberson v. Principi*, 17 Vet.App. 135, 146 (2003).

Appx7.  Thus, it is indisputable that the Veterans Court conducted only a clear error review and did not take due account of the Board's application of 38 U.S.C. § 5107(b). In so doing the Veterans Court relied upon a misinterpretation of § 7261(b)(1).

The Secretary asserts unpersuasively that:

> Because nothing in section 7261(a) would permit the Veterans Court to conduct a *de novo* review of the Secretary's application of the benefit-of-the-doubt rule when the court is reviewing a board decision, section 7261(b) must also contain[] that limitation due to its explicit reference to the scope of the court's review under section 7261(a).

Sec.Brf. at 12.   The Secretary does not explain what he means when he asserts that: "section 7261(b) must also contain[] that limitation due to its explicit reference to the scope of the court's review under section 7261(a)."   The Secretary does not disclose, or otherwise explain what this limitation may be or how it is to be applied.   The Secretary nonetheless attempts to support this assertion with the following rationale:

> The Veterans Court reached this conclusion nearly twenty years ago, when construing the newly-enacted section 7261(b)(1). *Mariano v. Principi*, 17 Vet. App. 305, 313 (2003). There, the veteran had requested an increase in his disability rating for arthritis and mobility limitations in his left shoulder, potentially resulting from a gunshot wound he suffered during World War II. *Id.* at 307.   The court acknowledged its obligation to take due account of the Secretary's application of the benefit-of-the-doubt rule and also noted that Congress imposed this obligation within the scope of the court's "'determinations under [7261(a)].'"   *Id.* at 313 (quoting 38 U.S.C. § 7261(b)).   Thus, the court determined that it was required to evaluate the board's application of the benefit-of-the-doubt rule under the clearly erroneous standard for factual findings specified in section 7261(a)(4).   *Mariano*, 17 Vet. App. at 313.   The court then concluded that the board's decision not to apply the benefit-of-the-doubt rule was clearly erroneous, because the

-13-

> record did not contain sufficient evidence to support a
> number of the board's findings. *Id.* at 314-317. **This Court
> later cited with approval the Veterans Court's
> interpretation of its limited role in reviewing the
> application of the benefit-of-the-doubt rule by the board**.
> *Deloach*, 704 F.3d at 1379 (citing *Mariano*, 17 Vet. App. at
> 313).

*See* Sec.Brf. at 12-13 (emphasis added). Once again, by claiming that this Court cited

*Mariano* "with approval" in *Deloach v. Shinseki*, 704 F.3d 1370, 1379 (2013), the Secretary

overstates the breadth of a precedential decision in his apparent zeal to prevail. While

it is true that *Mariano* was cited by this Court in *Deloach*, it was merely for the fact that:

"In reviewing for clear error, the Court of Appeals for Veterans Claims is required under

§ 7261(b) to 'take due account of the Secretary's application' of the benefit of the doubt

standard outlined in 38 U.S.C. § 5107(b)." *Deloach*, 704 F.3d 1379. Thus, this Court did

not cite to *Mariano* with "approval" such that it aids the Secretary's favored

interpretation of § 7261(b), which is that the Veterans Court had a "limited role in

reviewing the application of the benefit-of-the-doubt rule by the board."

To the contrary, in the very next paragraph in this Court's decision in *Deloach*, this

Court explicitly observed that Congress had imposed,

> The dual requirement placed on the Court of Appeals for
> Veterans Claims by § 7261(a)(4) and (b)—to hold unlawful
> and set aside or reverse clearly erroneous findings of fact and
> take due account of the Secretary's application of the benefit
> of the doubt standard—indicates congressional intent to

-14-

> invest the court with the authority to reverse certain Board decisions. Congress' enactment of the Veterans Benefits Act of 2002, which altered the scope of the court's judicial review, expressly empowered it to reverse adverse findings of material fact that are "clearly erroneous" rather than remand to the Board for re-determination. Veterans Benefits Act of 2002, Pub. L. No. 107–330, § 401(c), 116 Stat. 2820, 2832 (codified as amended at 38 U.S.C. § 7261(a)(4)).

*Deloach*, 704 F.3d at 1379. The foregoing analysis shows the Court recognized that this amendment "altered the scope of the court's judicial review." However, the *Deloach* opinion provided nothing more regarding the question of law presented by this appeal. That is, with regard to precisely what the Veterans Court is required to do when it takes due account of the Secretary's application of § 5107(b). Furthermore, any interpretation of § 7261(b)(1) made by the Veterans Court in *Mariano* is not binding on this Court. *See Harris v. West*, 203 F.3d 1347 (Fed. Cir. 2000).

**B.    The Veterans Court errs when its does not also review the Secretary's application of § 5107(b).**

Another of the Secretary's contentions is that Mr. Thornton over reads the meaning of the phrase "take due account" used by Congress in § 7261(b)(1). Sec.Brf. at 13-15. Specifically, the Secretary argues, "Mr. Thornton . . . places too much weight on the phrase 'take due account' in subsection (b)(1)." Sec.Brf. at 13. The Secretary explains the basis for this contention as follows:

> This language does not require the Veterans Court to reexamine and reweigh the evidence to make a *de novo* determination of whether the benefit-of-the-doubt rule

-15-

applies, as Mr. Thornton contends. We must assume that Congress purposefully gave the instruction to "take due account" of 5107(b), which has a limited meaning under this Court's precedents.

Sec.Brf. at 13-14. This explanation for the Secretary's contention is flawed for two reasons.

First, assuming without conceding that this language does not require the Veterans Court to reexamine and reweigh the evidence to make a *de novo* determination of whether the benefit-of-the-doubt rule applies, the Secretary does not provide any explanation for why Congress employed it. That is, what does the Secretary believe it means and to what end? Similarly, how is this Court to determine what this language means? The Secretary's contention is further undermined by the fact that Congress amended § 7261 to expressly require the Veterans Court to take due account of the Secretary's application of § 5107(b). What else could Congress have intended by this language which directs the Veterans Court to take due account of the Secretary's application of § 5107(b)?

Second, the Secretary offers no reason why this Court should "assume that Congress purposefully gave the instruction to 'take due account' of 5107(b), which has a limited meaning under this Court's precedents." It is unclear what the Secretary means by "a limited meaning under this Court's precedents." This is unclear since the Secretary failed to identify which of this Court's precedents had interpreted § 7261(b)(1) prior to

-16-

Congress mandating that the Veterans Court take due account of the Secretary's application of § 5107(b). This contention does not bear even the slightest scrutiny and must be rejected as lacking all merit. Indeed, in the very next paragraph of the Secretary's brief he expressly concedes that "this Court has never construed the meaning of 'take due account' in the context of [§] 7261(b)(1)." Sec.Brf. at 14.

Yet, the Secretary suggests that "precedents construing the parallel provision of 7261(b)(2) are instructive." *Id.* The Secretary, however, does not include a single citation to a precedential opinion which interpreted the meaning of the phrase "to take due account." Instead, the Secretary proffers three citations to case law discussing the general cannon of construction that the use by Congress of "[I]dentical words and phrases within the same statute should normally be given the same meaning," especially when appearing "within the same statutory sentence." *Id.* However, this rule of statutory construction is of no support or assistance to this Court because none of these cases cited by the Secretary interpreted the meaning of the phrase "to take due account" as used by Congress in § 7261. Thus, this precedent is not instructive of the meaning of the phrase "to take due account" in the veterans law context.

The Secretary then submits the following observation:

> Here, Congress instructed the Veterans Court to both "take due account of the Secretary's application of section 5107(b)" and "take due account of the rule of prejudicial error" within the same statutory sentence. 38 U.S.C. § 7261(b).

*Id.* Mr. Thornton does not dispute that Congress repeated the same phrase in both §§ 7261(b)(1) and (2). But the Secretary fails to acknowledge the substantive difference which exists between these two statutory provisions. One is focused on the "prejudicial error" rule of law, about which Congress directed the Secretary to take due account. The other is Congress's amended requirement that the Veterans Court "take due account of the Secretary's application of section 5107(b)." Under subsection (b)(2) of § 7261, Congress directs the Veterans Court "to take due account of the rule of prejudicial error," an established rule of law which was judicially created and has been extensively interpreted by the courts. The mandate created by subsection (b)(1) of § 7261 is very different. What Congress instructed the Veterans Court to do by creating subsection (b)(1) was something much more than its instruction under subsection (b)(2) that it take "due account of the Secretary's application of section 5107(b)."

When Congress directs the Veterans Court "to take due account of the rule of prejudicial error," the plain meaning of this statute shows that Congress was asking the Veterans Court to take this action in the first instance following a review under § 7261(a) which results in a finding of clear error. When Congress amended § 7261, it mandated a very different action from the Secretary. For the first time Congress directed the Veterans Court, when making the determinations under § 7261(a), to do something very different from simply taking due account of the rule of prejudicial error. Congress

unambiguously instructed that the Veterans Court would continue its review of the record of proceedings before the Secretary and the Board pursuant to § 7252(b) for the purpose that it "shall—take due account" of the Secretary's application of § 5107(b).

Mr. Thornton submits that the plain language used by Congress requires the Veterans Court, **after** making its determinations under § 7261(a), to **continue** its review for the purpose of engaging in a specific inquiry, which is to take due account of the Secretary's application of § 5107(b). Mr. Thornton argues that the Veterans Court's taking due account of the Secretary's application of § 5107(b) cannot be understood to mean that it was to undertake what clearly would be a redundant second deferential review. Rather, this language must mean that Congress was requiring that this continued review be a *de novo* nondeferential review. This is the only logical and reasonable interpretation of the words used by Congress.

The Secretary's reliance upon this Court's decision in *Tadlock v. McDonough*, 5 F.4th 1327 (Fed. Cir. 2021), is misplaced. It is inapposite for two reasons. First, this Court was interpreting subsection (b)(2) of § 7261 and not subsection (b)(1) of § 7261. As explained above, the subject matter of these provisions are substantively different. This difference requires very different inquiries by the Veterans Court. One requires an inquiry after error has been found while the other requires an inquiry when error has not been found. Second, the error made by the Veterans Court in *Tadlock* was that it exceeded its jurisdiction by engaging in improper *de novo* fact-finding. The Secretary

-19-

erroneously relies on *Tadlock* by attempting to show it supports an equivalency with Mr. Thornton's case which does not exist. In *Tadlock* the Veterans Court engaged in improper *de novo* fact-finding. Mr. Thornton asserts that the Veterans Court must engage in a *de novo* nondeferential review in his case pursuant to § 7261(b)(1) of how the Secretary, to include the Board, applied § 5107(b). These two scenarios are not the same. No fact finding is required when a court reviews *de novo* the Secretary's application of a statute to ensure that the statute was applied as intended by Congress.

Likewise, the Secretary's reliance upon this Court's decision in *Conway v. Principi, supra,* is unavailing. In Mr. Thornton's case the Veterans Court did exactly what was done in *Conway.* It flatly refused, in addition to its § 7261(a) review, to take due account of the Secretary's application of § 5107(b). Appx7. The Veterans Court did so when in concluded that the Board's determination was made under § 5107(b). Therefore the Veterans Court considered Mr. Thornton's case through the lens of whether the evidence was approximately balanced, which raised a factual issue that it could only have reviewed for clear error. *Id.* Thus, the Veterans Court declined any further review as otherwise was required by subsection (b)(1).

The Secretary correctly noted, "There is no dispute that the Veterans Court both addressed and explained its consideration of the benefit-of-the-doubt rule here." Sec.Brf. at 15. However, as just noted above, what the Veterans Court considered was that it would not take any further action beyond its clear error determination. This

extent of its review was not the same thing as taking due account of the Secretary's application of § 5107(b). When the Veterans Court did not take due account of the Secretary's application of § 5107(b), it misinterpreted subsection (b)(1) of § 7261.

## C.    The Secretary's reliance upon the legislative history is misplaced.

The Secretary concluded his brief with the contention that, "The Legislative History Of Section 7261(b)(1) Confirms That The Veterans Court May Not Review The Board's Findings *De Novo*." *See* Sec.Brf. at 15 (argument heading for pages 15-17). Initially, the Secretary erroneously relied upon two references from the legislative history. These references concerned Congress's amendment specifically to § 7261(a)(4), and thus are not relevant. Critically, this legislative history did not concern Congress's amendment to § 7261 as a whole. Congress's amendment to § 7261(a)(4) is not relevant to or even informative of Congress's intent regarding its amendment of § 7261. Nonetheless, the Secretary proffers his view that,

> . . . the House and Senate reached a compromise that would maintain the "clearly erroneous" standard of review but would allow the Veterans Court to reverse clearly erroneous decisions rather than set them aside and remand an appeal for further development or adjudication.

Sec.Brf. at 16. The Secretary does not explain why a compromise that would maintain the "clearly erroneous" standard of review is in any way related to Congress's amendment to § 7261.

With respect to his reliance on the legislative history, the best the Secretary offers

is the following statement of Senator John D. Rockefeller, IV:

> This was a means of "giv[ing] 'full force' to the 'benefit of the doubt'" rule. *Id.* Notwithstanding this change, the language was not intended to alter section 7261(c), which prevents the Veterans Court "from conducting trial de novo when reviewing [board] decisions" on appeal. *Id.*

Sec.Brf. at 16-17. This quote from Senator Rockefeller is unclear at best and raises more questions than it answers. What was the meaning of Senator Rockefeller's reference to "giv[ing] 'full force' to the 'benefit of the doubt'" rule? Did it refer to the amendment of § 7261(a)(4)? Or did it refer to the fact that § 7261( c) was not altered? Or is this quote a reference to Congress's amendment of § 7261 to require the Veterans Court to take due account of the Secretary's application of § 5107(b)? The Secretary's reliance upon the legislative history he cites is misplaced. In no way whatsoever does this history confirm that Congress did not intend the Veterans Court actually to take due account of the Secretary's application of § 5107(b) by engaging in a nondeferential *de novo* review of the Secretary's application of § 5107(b) after it deferential review under § 7261(a).

## Conclusion

Mr. Thornton seeks the following relief from this Court:

1.     A determination that the Veterans Court relied upon a misinterpretation of the provisions of 38 U.S.C. § 7261(b)(1) when failed to take due account of the Secretary's application of § 5107(b).

2.     An interpretation of § 7261(b)(1) that is based upon the unambiguous language used by Congress in this subsection which requires the Veterans Court, **after** making its determinations under § 7261(a) that no clear error

was made by the Board, to **continue** its review by taking due account of the Secretary's application of § 5107(b).

3.      Further, that this Court interpret § 7261(b)(1) to require that the Veterans Court review of the Secretary's application of § 5107(b) be a nondeferential *de novo* review.  And,

4.      That this Court reverse the decision of the Veterans Court which relied upon a misinterpretation of § 7261(b)(1) not to undertake an additional review of the Secretary's application of § 5107(b) and order the Veterans Court on remand undertake a nondeferential *de novo* review of the Secretary's application of § 5107(b).

Respectfully Submitted,


/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

Attorney for Claimant-Appellant

## Certificate of Service

I certify that on the 27th day of May, 2022, the foregoing reply brief was electronically filed through CM/ECF system with the Clerk, United States Court of Appeals for the Federal Circuit. Copies of the document were served through the Court's CM/ECF system via the Notice of Docket Activity to:

>Evan Wisser, Esq.
>Department of Justice
>Civil Division, Commercial Litigation Branch
>evan.wisser@usdoj.gov

>/s/ Kenneth M. Carpenter
>Kenneth M. Carpenter
>**CARPENTER, CHARTERED**
>1525 SW Topeka Blvd, P.O. Box 2099
>Topeka, Kansas 66601-2099
>(785) 357-5251
>carpgh@mindspring.com

## Certificate of Compliance

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, Appellant's counsel certifies that this Reply Brief complies with the Court's type-volume limitation rules. This brief was printed in Garamond font at 14 points. According to the word-count calculated, using WordPerfect v. X6, this Brief contains a total of 5846 words, which is within the 7,000 word limit.

>/s/ Kenneth M. Carpenter
>Kenneth M. Carpenter
>**CARPENTER, CHARTERED**
>1525 SW Topeka Blvd, P.O. Box 2099
>Topeka, Kansas 66601-2099
>(785) 357-5251
>carpgh@mindspring.com